UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER L. CARLSON,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 19-cv-1118-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss filed by defendant Andrew Saul, Commissioner of the Social Security Administration (Doc. 15). Plaintiff Chester L. Carlson has not responded to the motion despite additional time Magistrate Judge Gilbert S. Sison allowed for his response (Doc. 18). Magistrate Judge Sison warned Carlson that if he failed to respond to the Commissioner's motion to dismiss in the additional time given, the Court could construe that failure as an admission of the merits of the motion pursuant to Local Rule 7.1(c) and could grant the motion and dismiss this case.

In accordance with 42 U.S.C. § 405(g), the plaintiff seeks judicial review of the final agency decision denying his application for Survivor's Insurance Benefits under the Social Security Act, 42 U.S.C. § 202(f). The plaintiff applied for benefits in June 2013 as a widower of wage earner John Eash, who died on August 17, 2011. After holding an evidentiary hearing by video on March 9, 2016, Administrative Law Judge (ALJ) Matthias D. Onderak denied the plaintiff's application on March 30, 2016, finding he was not eligible for survivor's benefits based on his relationship with the decedent (Doc. 15-1 at 8-11). The Appeals Council denied review on August 11, 2017, and the decision of the ALJ became the final agency decision subject to judicial review (Doc. 15-1 at 14-16).

The notice of the Appeals Council's action advised the plaintiff that if he did not agree with

the decision, he could appeal that decision by filing a complaint in the District Court within 60 days from the date he received the letter.  It further advised the plaintiff that he could ask the Appeals Council for an extension of that 60-day time period for good cause.  The plaintiff filed this lawsuit in October 2019, well beyond the 60 days after notice of the Appeals Council's decision.  There is no indication the Appeals Council extended the plaintiff's time to file a lawsuit.

The Commissioner asks the Court to dismiss this suit for administrative review on the ground that the plaintiff failed to file a lawsuit within the time period required by statute—"within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g).  The Commissioner construes this time period to run from the date the claimant receives the agency's final decision, which is presumed to be 5 days after the date of the notice.  *See* 20 C.F.R. §§ 404.901, 404.981, & 422.210(c).  Thus, absent any extension given by the Appeals Council, the plaintiff's deadline for filing this lawsuit was October 15, 2017.  His October 2019 complaint was too late.

In light of the foregoing discussion, which demonstrates the merits of the Commissioner's position, the Court finds it appropriate to construe the plaintiff's failure to respond to the Commissioner's motion as an admission of its merits pursuant to Local Rule 7.1(c).  Accordingly, the Court **GRANTS** the Commissioner's motion to dismiss (Doc. 15), **DISMISSES** this action **with prejudice** for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  August 31, 2020**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**